# Exhibit A

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| DANIEL McNAMARA, on behalf of and all others similarly situated, | NO. *CL 125280* |
| Plaintiff, | |
| v. | |
| BRAVO BRIO RESTAURANT GROUP, INC., | ORIGINAL NOTICE |
| Defendant. | |

### TO THE ABOVE-NAMED DEFENDANT:

You are notified that a petition has been filed in the office of the clerk of this court naming you as the defendant in this action. A copy of the petition (and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Harley C. Erbe, whose address is 2501 Grand Avenue, Des Moines, Iowa. That attorney's telephone number is (515) 281-1460; facsimile number (515) 281-1474.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

CLERK OF COURT
Polk County Courthouse
Des Moines, Iowa

### IMPORTANT

YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS

IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | | |
|---|---|---|
| DANIEL McNAMARA, on behalf of and all others similarly situated, | * * * | NO. CL125280 |
| Plaintiff, | * * | |
| v. | * * | |
| BRAVO BRIO RESTAURANT GROUP, INC., | * * | PETITION AT LAW |
| Defendant. | * * * | |

COMES NOW the plaintiff, on behalf of himself and all others similarly situated, and sets forth his claims for relief and states:

## INTRODUCTION

1.    This is a nationwide collective action and class action proceeding brought pursuant to the enforcement and collective action provisions of the Fair Labor Standards Act, 29 U.S.C. § 216(b), the Iowa Minimum Wage Law, Iowa Code Chapter 91D, the Iowa Wage Payment Collection Law, Iowa Code Chapter 91A, and Rule 1.261 *et seq.* of the Iowa Rules of Civil Procedure.  Plaintiff brings this case for himself and on behalf of other similarly situated tipped employees to recover unpaid regular wages from Defendant, as well as liquidated damages, costs, expenses, and attorney fees.  Plaintiff's opt-in consent form is attached.

## PARTIES AND JURISDICTION

2.    Plaintiff is a resident of Urbandale, Polk County, Iowa.

1

3.     Defendant Bravo Brio Restaurant Group, Inc. is an active Ohio corporation with its principal place of business in Columbus, Ohio. Defendant has owned and operated and continues to own and operate Bravo! Cucina Italiana, Brio Tuscan Grille, and Bon Vie Bistro restaurants in Iowa and other states. Upon information and belief, Defendant maintains control, oversight, and direction over the operation of its facilities, including employment and/or labor practices at Bravo! Cucina Italiana, Brio Tuscan Grille, and Bon Vie Bistro restaurants throughout the United States owned directly by Defendant or Defendant's subsidiaries. Defendant has substantial contacts and operates restaurants in Iowa and is subject to the personal jurisdiction of this court.

4.     The court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b).

5.     The Iowa Minimum Wage Act is enforceable pursuant to the provisions of the IWPCL. *See* Iowa Code § 91D.1(4). The amount in controversy for the IWPCL claim exceeds the minimum jurisdictional amount for this court.

6.     The events personal to Plaintiff that form the basis for his claim occurred in West Des Moines, Polk County, Iowa. Venue is proper in Iowa in that Defendant's actions occurred or resulted in damages to Plaintiff and some members of the putative collective in Iowa.

7.     During the employment of Plaintiff and the putative class, they were engaged in commerce or in the production of goods for commerce.

8.     During the employment of Plaintiff and the putative class, Defendant constituted an employer within the definition of 29 U.S.C. § 203(d).

9.     During the employment of Plaintiff and the putative class, they constituted employees within the definition of 29 U.S.C. § 203(e)(2)(C).

2

10.   During the employment of Plaintiff and the putative class, Defendant constituted an enterprise, as defined by 29 U.S.C. § 203(r)(1), that was engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s)(1)(B) and (C).

## FACTUAL ALLEGATIONS

11.   Defendant employed Plaintiff at Bravo! Cucina Italiana in West Des Moines, Polk County, Iowa as a server from July 14, 2011 until Defendant terminated Plaintiff on April 27, 2012.

12.   Defendant considers Plaintiff and the putative collective to be tipped employees for purposes of United States and Iowa minimum wage laws and regulations. Plaintiff and the putative class receive a base hourly wage to which is added various amounts of tips. Defendant always pays Plaintiff and the putative class as tipped hourly employees for purposes of minimum wage; at no time have Plaintiff or the putative collective been paid the applicable hourly minimum wage for standard hourly employees.

13.   Plaintiff and the putative collection spend more than 20% of their working time engaged in non-tipped labor and/or perform duties not incidental to their tipped occupation. The non-tipped work includes, but is not limited to, work related to opening the restaurant, polishing and rolling silverware, cleaning various assigned sections of the restaurant, putting away truck orders, attending store meetings, and setting up the furniture for the outside dining area. Defendant should, but never has, pay Plaintiff and the putative collective as regular hourly workers, instead of tipped workers, for those hours in which Plaintiff or the putative class engage in non-tipped labor.

3

14.    The individual tip wages of Plaintiff and the putative collective are subject to reduction or deduction through the following tip pooling or tip sharing arrangements:

a.    Plaintiff and the putative class have to contribute $2 for every hour they work to a tip pool or tip sharing arrangement that the restaurant hostesses participate in.

b.    Plaintiff and the putative collective have to give, out of their individual tips at the end of their shifts, an amount equal to 1% of their gross sales for the shift to each of three classes of employees: foodrunners, bussers, and bartenders. Thus, under Defendant's mandate, the tips earned each shift by Plaintiff and the putative collective are reduced by an amount equal to 3% of their gross sales during that shift without regard to the amount of tips actually earned during the shift.

c.    Defendant requires that large parties (nine or more customers) be assigned a co-server in addition to the primary server for the party. Any tips earned from the party by the primary server must be shared equally with all co-servers, regardless of their number.

d.    Tables that are not complete at the end of a shift result in forfeiture of the tip for that table. 100% of the tip is instead given to the substitute server who completes the table after the end of the original server's shift.

e.    Defendant utilizes a computer system that tracks each employee's tips and the amount that they "tip out" as part of tip pooling or tip sharing arrangements. The computer system prohibits employees from reporting tip outs in a total amount greater than 15% of their total tips for the shift. Consequently, employees are unable to accurately record the full amount of money that they tip out through tip pooling and tip sharing arrangements. Therefore, Defendant's computer records show a greater tip retention for Defendant's employees than those employees actually retain.

15.    Defendant's tip practices, as outlined in the foregoing paragraph, result in employees receiving a combined hourly base wage and tip wage that is less than the minimum wage mandated by United States and Iowa minimum wage laws.

4

## CLASS ALLEGATIONS

16.     Plaintiff brings this putative collective and class action pursuant to 29 U.S.C. §
216(b) and Rule 1.261 *et seq.* of the Iowa Rules of Civil Procedure on his behalf and on behalf of
a collective or class consisting of all hourly tipped employees who worked for Defendant during
the three-year period preceding this suit who were not properly paid minimum wage and
properly treated as tipped employees under 29 U.S.C. § 201 *et seq.* and Iowa Code § 91D.1(1).
This putative collective action is intended to encompass all tipped employees at Bravo! Cucina
Italiana, Brio Tuscan Grille, and Bon Vie Bistro restaurants throughout the United States owned
directly by Defendant or Defendant's subsidiaries.

17.     The proposed class is so numerous that joinder of all members is impracticable
and would involve many plaintiffs. While the exact number of putative collective members is
presently unknown to Plaintiff and can only be ascertained through appropriate discovery,
Plaintiff believes that there are at least hundreds of putative collective members, if not more.

18.     There are questions of law and/or fact common to the class that relate to and
affect the rights of each member of the class. The relief sought is common to the entire class.
The common questions of law and/or fact predominate over questions, if any, that may affect
only individual members of the putative collective because, among other reasons, Defendant has
acted on grounds generally applicable to the entire class.. Common questions include, but are
not limited to:

   a.    Whether Defendant should have paid Plaintiff and the putative collective
         as regular, instead of tipped, employees for purposes of United States and
         Iowa minimum wage law during those times when Plaintiff and the
         putative class engaged in non-tipped labor.

   b.    Whether Plaintiff and the putative collective received the minimum
         mandatory hourly minimum wage under United States and Iowa law after

5

consideration of the deductions and reductions and electronic recordkeeping issues identified in paragraph 14 of this Petition.

c.   Whether Defendant is liable to Plaintiff and the putative class for unpaid regular wages.

d.   Whether Defendant is liable to Plaintiff and the putative class for liquidated damages.

19.   Class action treatment is the superior, if not the only, method for the fair and efficient adjudication of this controversy because, among other reasons, such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that numerous individual actions would engender.

20.   Plaintiff asserts claims that are similar to and typical of the putative class in that he was paid as a tipped employee for minimum wage purposes even during those times in which he engaged in non-tipped labor and, through Defendant's tip pooling and tip sharing practices, had his tips reduced to the point that he made less than $7.25/hour. The claims of Plaintiff and the putative collective depend on a showing of conduct by Defendant that is common to all tipped employees and arises from the same operative facts. Thus, a joint and common interest exists among Plaintiff and the putative collective.

21.   Plaintiff will fairly and adequately protect and represent the interests of the class members. Plaintiff's interests are coincident with, and not antagonistic to, those of the putative collective. Plaintiff is committed to being a class representative and understands the attendant responsibilities.

22.   Plaintiff's counsel is competent and has experience in wage matters and class actions, including FLSA collective actions. The undersigned firms will serve as designated counsel for Plaintiff and the putative class and will actively conduct and be responsible for the

6

prosecution of this action. The undersigned counsel has or can acquire the financial resources to assure that the putative collective will be adequately represented.

23.    It is proper to certify this matter as a collective action under 29 U.S.C. § 216(b) and/or as a class action under Rule 1.261 *et seq.* of the Iowa Rules of Civil Procedure because there are common issues of law and/or fact that predominate over any individual issues.

## CLAIM FOR CLASS RELIEF

24.    Plaintiff asserts on behalf of himself and the putative collective, as defined in paragraph 16 of this Petition, the following basic claims: (1) Defendant requires and required Plaintiff and the putative collective to perform non-tipped work, as set forth above in paragraph 13, in excess of twenty percent (20%) of their time at work and Defendant failed to pay them a wage differential to meet the requirements of the FLSA found at 29 U.S.C. 201 *et seq.* and Iowa Code Chapter 91D; and/or (2) Defendant requires and required Plaintiff and the putative collective to perform duties that are not incidental to their tipped occupation, as set forth above in paragraph 13, and failed to pay them a wage differential to meet the requirements of the FLSA and Iowa Code Chapter 91D; and/or (3) Defendant reduced the tips of Plaintiff and the putative collective through tip sharing or tip pooling arrangements to the point that Defendant was not paying tipped employees at least $7.25/hour.

25.    Employers are allowed to claim tips received by tipped employees as a "tip credit" towards the mandatory $7.25/hour minimum wage. *See, e.g.,* 29 U.S.C. § 206(a)(1); 29 U.S.C. § 203(m); Iowa Code § 91D.1(1)(c). At the same time, under those statutes if an employee's tips plus the employee's base hourly wage are not sufficient to equal $7.25/hour, the employer must pay an additional amount to bring the employee's wages to $7.25/hour. *Fast v.*

*Applebees Int'l, Inc.*, 638 F.3d 872, 876 (8th Cir. 2011).  Defendant's tip practices, as set forth in paragraphs 14 and 15 of this Petition, result in employees receiving less than an average of $7.25/hour.

26.      Applicable regulations recognize that employees may hold more than one job for the same employer, one which generates tips and one which does not, and that the employee is entitled to the full minimum wage rate while performing the job that does not generate tips.  *See* 29 C.F.R. § 531.56(e); Iowa Administrative Code 875-217.56(5).  The United States Department of Labor has additionally stated that if a tipped employee spends a substantial amount of time (more than 20%) performing related but non-tipped work, then the employer may not take the tip credit for the amount of time the employees spends performing those duties.  *See* United States Department of Labor (Wage and Hour Division) Field Operations Handbook § 30d00(e); *see also Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 875, 877-78 (8th Cir. 2011).  In such situations the employer must instead pay the employee the applicable minimum wage for regular employees.  *Fast*, 638 F.3d at 880.

27.      Defendant has and continues to willfully violate the FLSA and Iowa Code Chapter 91D by not paying Plaintiff and the putative collective proper wages.

28.      Defendant, individually and/or through an enterprise, has willfully engaged in a pattern and/or practice of unlawful conduct as set forth in this Petition.

29.      Plaintiff and the putative collective are or were "tipped employees" as defined by 29 U.S.C. § 203(t) and, *inter alia*, Iowa Administrative Code 875-215.3(22)

30.      Defendant individually and/or through an enterprise, directed and exercised control over the work by Plaintiff and the putative collective at all relevant times.

31.   The work by Plaintiff and the putative collective was/is performed pursuant to Defendant's guidelines.

32.   Plaintiff and the putative collective were paid on an hourly basis at relevant times. The work of the collective members was and/or essentially is the same as the work of all other collective members. At all relevant times, all of putative collective members were paid in substantially the same manner and under substantially the same employment guidelines and practices as Plaintiff.

33.   During the employment of Plaintiff and the putative collective as tipped employees, Defendant and/or its subsidiaries did not pay those employees a wage differential when they worked in excess of twenty percent (20%) of their time in a non-tipped capacity and/or performed work that was not incidental to their tipped occupations. The putative collective, like Plaintiff, are or were all subject to the same policy and/or practice whereby Defendant willfully failed to record, credit, or compensate work performed by tipped employees for all the time they performed non-tipped work in excess of twenty percent (20%) of their time at work and Defendant has willfully failed to pay tipped employees full minimum wage for work performed that is not incidental to the duties of their tipped occupation.

34.   During the employment of Plaintiff and the putative collective as tipped employees the tip pooling and tip sharing practices of Defendant and/or its subsidiaries reduced the employees' earned tips to the point that those employees did not earn the mandatory minimum wage of $7.25/hour.

35.   Defendant's refusal to pay Plaintiff and the putative collective the required wage differential when Defendant required or permitted them to work in excess of twenty percent (20%) of their time at work performing work for which they do not earn tips and/or required or

permitted them to perform duties that were not incidental to their tipped occupation and/or Defendant's failure to pay the mandatory $7.25/hour minimum wage after factoring reductions to tips made pursuant to Defendant tip pooling and tip sharing practices was and is repeated, willful, and intentional.

36.   Plaintiff and the putative collective have been damaged in the amount of the difference between the wages they were actually paid and the amount of the wages they should have been paid in accordance with United States and Iowa minimum wage statutes and applicable regulations.

37.   Defendant's refusal to pay Plaintiff and the putative collective the required wage differential and minimum wage violated 29 U.S.C. § 201, *et seq.* and Iowa Code Chapter 91D.

38.   Defendant's violations of 29 U.S.C. § 201, *et seq.* and Iowa Code Chapter 91D were repeated, willful, and intentional.

39.   Plaintiff and the putative collective are entitled to liquidated damages in an amount as set forth in 29 U.S.C. § 201, *et seq.* and Iowa Code § 91A.8.

40.   Plaintiff and the putative collective are entitled to reasonable attorney's, expenses, and costs in an amount as set forth in 29 U.S.C. § 201, *et seq.* and Iowa Code § 91A.8.

WHEREFORE, Plaintiff prays for judgment against Defendant sufficient to compensate him and the putative collective for the earned unpaid compensation that Defendant owes him and the putative class, together with reasonable attorney fees, liquidated damages, the costs of this action, and interest thereon as provided by law.

Harley C. Erbe, AT002430
ERBE LAW FIRM
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail:  erbelawfirm@aol.com

Steven P. Wandro, AT0008177
WANDRO & ASSOCIATES
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
E-Mail:  swandro@2501grand.com

ATTORNEYS FOR PLAINTIFF