IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DANIEL McNAMARA, on behalf of himself and all others similarly situated, | * * * * | |
| Plaintiff, | * * | Case No. 4:12-cv-000256 |
| v. | * * | |
| BRAVO BRIO RESTAURANT GROUP, INC., | * * * | CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE |
| | * * * | |
| Defendant. | * * | |

This Class Action Settlement Agreement and Release (the "Agreement") is entered into by and among Bravo Brio Restaurant Group, Inc. ("BBRG," "Defendant," or the "Company") and Plaintiff Daniel McNamara ("Class Representative"), representative of the plaintiff class described herein (for settlement purposes only), who is represented by Harley C. Erbe of the Erbe Law Firm and Steven P. Wandro of Wandro & Associates. This Agreement supersedes any and all other agreements between the Parties.

## **DEFINITIONS**

The terms set forth below shall have the meanings defined in this Section wherever used in this Agreement and in all of its exhibits, including the Notice of Settlement and Claim Form.

1.  <u>The Civil Action</u>. "The Civil Action" means the above-captioned case.

2.  <u>Claim Form</u>. "Claim Form" means the individual Claim Form as set forth in Exhibit C attached to this Settlement Agreement.

3.      <u>Class Members</u>.  "Class Members" means all Servers who worked at Defendant's Bravo! Cucina Italiana located at 120 South Jordan Creek Pkwy, West Des Moines, IA 50266 ("Jordan Creek Bravo") at any time between May 24, 2009 through the date of the Preliminary Approval Order, except for those persons who request exclusion from the settlement as provided in this Agreement.

4.      <u>Claims Submission Period</u>. "Claims Submission Period" means the time period commencing on the date when the Class Notice of the proposed settlement and the Claim Form are mailed to the Settlement Class and ending on the date set forth in the Implementation Schedule (Exhibit A to this Settlement Agreement).

5.      <u>Class Counsel</u>.  "Class Counsel" means Harley C. Erbe of the Erbe Law Firm and Steven P. Wandro of Wandro & Associates.

6.      <u>Class Notice</u>.  "Class Notice" means the Notice of proposed settlement to be sent to the Settlement Class pursuant to this Agreement.  The Class Notice shall be substantially in the form attached as Exhibit B to this Settlement Agreement.

7.      <u>The Court</u>.  The "Court" means the United States District Court for the Southern District of Iowa.

8.      <u>Defendant</u>.  "Defendant" means Bravo Brio Restaurant Group, Inc.

9.      <u>Defendant's Counsel</u>.  "Defendant's Counsel" means the law firms of Vorys, Sater, Seymour and Pease LLP and Whitfield & Eddy, P.L.C.

9.      <u>Effective Date</u>.  "Effective Date" means either (a) if no appeal of the Court's Order granting final approval of the Settlement Agreement is filed, the day after the deadline for filing any such appeal, or (b) if an appeal is filed, the latest of (i) the date of final affirmance of the Order granting final approval of the Settlement Agreement; (ii) the expiration of the time for

a petition for review of the Court's granting final approval of the Settlement Agreement and, if review is granted, the date of final affirmance of the Court's final approval following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Court's granting final approval of the Settlement Agreement or the final dismissal of any proceeding on review of the final approval.

10.     Enhancement Payment.  "Enhancement Payment" means the payment awarded to Plaintiff Daniel McNamara as set forth in this Agreement as approved by the Court, in an amount not to exceed One Thousand One Hundred Dollars and Zero Cents ($1,100.00).

11.     Funds Available for Settlement.  "Funds Available for Settlement" means the amount that Defendant has made available to settle this Civil Action in exchange for this Agreement and the obligations set forth herein, which amount is Ninety-Nine Thousand Dollars And Zero Cents ($99,000.00).  In no event shall the Funds Available for Settlement, or the amount Defendant is required to pay pursuant to this Settlement Agreement, exceed the sum of Ninety-Nine Thousand Dollars And Zero Cents ($99,000.00), excluding amounts to be paid for Defendant's share of applicable payroll taxes and up to $5,000.00 for Class Counsel's administration costs.

12.     Implementation Schedule.  "Implementation Schedule" means the dates agreed upon by counsel for the Parties and approved by the Court for implementing the Settlement Agreement.  The Implementation Schedule is set forth as Exhibit A to this Settlement Agreement.

13.     Net Funds Available for Settlement.  "Net Funds Available for Settlement" means the Funds Available for Settlement minus: (i) the amount of attorneys' fees and costs awarded to Class Counsel by the Court; and (ii) the enhancement payment awarded to the

Representative Plaintiff and approved by the Court.  The Settlement Awards to Class Members shall be paid out of the Net Funds Available for Settlement.

14.   Parties.  "Parties" means the Representative Plaintiff and Defendant.

15.   Released Claims.

(a)   For the Representative Plaintiff, "Released Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general, special, liquidated, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, whether direct or indirect, whether by assignment or otherwise, which existed as of the date of execution of this Agreement, whether based upon federal, state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, whether alleged or not alleged in the Civil Action, whether suspected or unsuspected, whether contingent or vested, which Plaintiff has had, now has, or may have in the future against the Released Parties or any of them, including, but not limited to, all claims arising under the Iowa Minimum Wage Law, the Iowa Wage Payment Collection Law, the Fair Labor Standards Act, and/or penalties, liquidated damages, and/or restitution relating to or derivative of any or all of those alleged failures, and the laws of contract, torts, and equity, and including those claims that were asserted or could have been asserted in the Civil Action and those claims that arise out of Plaintiff's employment and/or former employment with any of the Released Parties or the termination of that employment that existed as of the date of the execution of this Agreement.

(b)   For the Class Members, "Released Claims" means and includes any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general,

4

special, liquidated, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive or declaratory relief, or for reimbursement of attorneys' fees, costs or expenses, whether known or unknown, whether direct or indirect, whether by assignment or otherwise, which existed as of the date of execution of this Agreement, whether based upon federal, state, local, constitutional, statutory, or common law, or any other law, rule, or regulation, whether alleged or not alleged in the Civil Action, whether suspected or unsuspected, whether contingent or vested, which any of the Class Members have had, now have, or may have in the future against the Released Parties or any of them, that were asserted or, based on the facts as alleged in the Civil Action, could have been asserted in the Civil Action, including, but not limited to, claims that Defendant did not properly pay Class Members the required minimum wage for tipped and non-tipped work as mandated by the Fair Labor Standards Act ("FLSA"), the Iowa Minimum Wage Law, Iowa Code Chapter 91 D, and the Iowa Wage Payment Collection Law, Iowa Code Chapter 91 A, and/or claims for penalties or restitution relating to or derivative of any or all of those alleged failures or violations.

16.    Released Parties.  "Released Parties" means means (i) Defendant; (ii) Defendant's past or present subsidiaries, divisions, affiliates, parents, successors, and/or assigns; and (iii) past or present officers, directors, shareholders, members, partners, agents, employees, advisors, insurers, attorneys, representatives, trustees, heirs, executors, administrators, and/or predecessors or successors or assigns of any of the foregoing.

17.    Relevant Period.  "Relevant Period" means May 24, 2009 through the date of the Preliminary Approval Order.

18. <u>Representative Plaintiff</u>.  "Representative Plaintiff" means Plaintiff Daniel McNamara.

19. <u>Qualified Claimant</u>.  "Qualified Claimant" means each Class Member who is entitled to receive a Settlement Payment as described herein.

20. <u>Settlement Agreement</u>.  "Settlement Agreement" means this Agreement and all Exhibits attached to it.

21. <u>Settlement Award</u>.  "Settlement Award" means the gross payments that each Qualified Claimant shall be entitled to receive pursuant to the terms of the Agreement.

22. <u>Settlement Class</u>.  "Settlement Class" means all Servers who worked at the Jordan Creek Bravo during the Relevant Period.

23. <u>Settlement Fairness Hearing</u>.  "Settlement Fairness Hearing" means the hearing to be requested by the Parties and conducted by the Court, following appropriate notice to the Settlement Class and an opportunity for members of the Settlement Class to exclude themselves from participation in the proposed settlement, at which the Parties will request the Court to approve the fairness, reasonableness, and adequacy of the terms and conditions of the proposed settlement and this Agreement and to enter a final order approving this Agreement.

24. <u>Settlement Share</u>.  "Settlement Share" means each Qualified Claimant's total share of the Net Funds Available for Settlement, which shall be calculated as described herein.

## **RECITALS AND BACKGROUND**

25. On May 24, 2012, Plaintiff Daniel Plaintiff Daniel McNamara, individually and on behalf of a purported group of similarly situated individuals, filed a class and collective action Complaint in the Iowa District Court for Polk County naming Defendant Bravo Brio Restaurant Group, Inc.  On June 13, 2012, Defendant removed the case to the United States District Court

for the Southern District of Iowa.  The case is styled *Daniel McNamara v. Bravo Brio Restaurant Group, Inc.*, Case No. 4:12-cv-000256.  The Complaint asserts claims against Defendant for alleged unpaid wages, based on allegations that Defendant did not properly pay its tipped employees the required minimum wage mandated by the Fair Labor Standards Act ("FLSA"), the Iowa Minimum Wage Law, Iowa Code Chapter 91 D, and the Iowa Wage Payment Collection Law, Iowa Code Chapter 91 A.

26.      Plaintiff filed this action as a putative nationwide FLSA collective action and Iowa state class action. However, after initial discovery and investigation, Plaintiff determined that Defendant did not have an unlawful policy or practice that supported nationwide certification.  Plaintiff elected not pursue a nationwide collective action and instead focused his efforts on Servers working at the Jordan Creek Bravo during the Relevant Period.

27.      The Parties engaged in discovery and extensive settlement negotiations.  At the conclusion of these negotiations, the Parties reached a settlement subject to Court approval as represented in this Settlement Agreement.

28.      Class Counsel and Defendant's Counsel have investigated the facts relating to the claims alleged and have made a thorough study of the legal principles applicable to the claims asserted against Defendant.  Counsel for the Parties agree that there are numerous disputed issues of fact and law relating to the claims sought to be asserted in the Civil Action.  Class Counsel has conducted discovery and independent investigation concerning Defendant's policies and practices.  Based upon its investigation and taking into account the sharply contested legal and factual issues involved; the expense and time necessary to prosecute the Class Action through trial; the risks, uncertainty and costs of further prosecution; the difficulty of proof necessary to establish a class for purposes of liability; uncertainties of complex litigation; and the relative

7

benefits conferred upon the Settlement Class and the Representative Plaintiff pursuant to this Agreement, Class Counsel has concluded that a settlement with Defendant on the terms set forth in this Agreement is fair, reasonable, adequate, and in the best interests of the Representative Plaintiff and the Settlement Class.

29.     Defendant has asserted defenses to the claims alleged in the Civil Action and expressly denies each of the claims asserted against it and any and all liability arising out of the conduct and facts alleged in the Civil Action.  Defendant nevertheless desires to settle the Civil Action.  Defendant has concluded that further defense of the Civil Action would be protracted and expensive.  Substantial amounts of time, energy, and resources of Defendant have been and, unless this settlement is made, will continue to be devoted to the defense of the claims asserted in the Civil action.  Defendant has agreed, therefore, to settle in the manner and upon the terms set forth in this Agreement in order to resolve the claims that were  or could have been asserted based on the allegations in the Civil Action.

30.     Defendant shall be responsible for making all required notification to the appropriate federal and state officials pursuant the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711 *et seq.,* within 10 days after this Agreement is filed for preliminary approval with the Court.

NOW THEREFORE, IT IS HEREBY AGREED, BY AND BETWEEN the undersigned, that the Class Action shall be settled, subject to the approval of the Court, upon and pursuant to the following terms and conditions:

## BASIC SETTLEMENT TERMS

31.     For settlement purposes only, the Parties agree that a class may be certified in the Civil Action defined as follows:

> All Servers employed by Defendant at its Bravo! Cucina Italiana
> restaurant located at 120 South Jordan Creek Pkwy, West Des
> Moines, IA 50266 during the period from May 24, 2009 through
> the date of the Preliminary Approval Order.

If this Agreement and the settlement it memorializes are not finally approved by the Court, or if any appeal contemplated by Paragraph 9 in this Agreement results in a reversal of the Order granting final approval of the Settlement Agreement that affects the amount to be paid by Defendant under this settlement, the scope of the releases given by Class Members, or any other material aspect of the settlement, then this agreement for certification shall become null and void, and any court order certifying the class based on this Agreement shall be vacated without prejudice to the right of the Parties to seek or oppose certification, and the Parties shall be restored to their respective litigation positions existing immediately before the execution of the Agreement.

32.     It is hereby agreed, by and between the Representative Plaintiff and Defendant, through their respective counsel of record, and subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, and without admission of any liability or wrongdoing whatsoever by Defendant, that upon entry of the Order granting final approval of the Settlement Agreement: (a) Representative Plaintiff shall be deemed to have released and forever discharged the Released Parties from any and all Released Claims as described in Paragraph 15(a), above, and (b) each Class Member shall be deemed to have jointly and severally released and forever discharged the Released Parties from any and all Released Claims as described in Paragraph 15(b), above.

33.     Representative Plaintiff may hereafter discover facts in addition to or different from those he now knows or believes to be true with respect to the subject matter of the Released Claims which, if known by him might have affected his settlement with, and release of, the Released Parties.  But upon the Effective Date, Representative Plaintiff shall be deemed to have,

and by operation of the Order granting final approval of the Agreement shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Notwithstanding the foregoing, the Released Claims shall not include any claim or right that as a matter of law cannot be waived or released.

34.     The Class Members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims which, if known by them might have affected their settlement with, and release of, the Released Parties, or might have affected their decision not to object to this Settlement.  But upon the Effective Date, Class Members shall be deemed to have, and by operation of the Order granting final approval of the Agreement shall have, fully, finally, and forever settled and released any and all of the Released Claims, whether known or unknown, suspected or unsuspected, contingent or non-contingent, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Notwithstanding the foregoing, the Released Claims shall not include any claim or right that as a matter of law cannot be waived or released.

35.     Subject to Court approval and the conditions specified in this Agreement, and in exchange for the release of all Released Claims by the Representative Plaintiff and the Class Members, Defendant shall make Funds Available for Settlement in the gross amount of Ninety-Nine Thousand Dollars And Zero Cents ($99,000.00), and shall be responsible for employer's share of applicable payroll taxes associated therewith.

36.     The Parties agree that this Agreement does not create or establish a settlement "fund" to which claims can be made.  The Parties agree that all claims for payment required by this Agreement shall be submitted directly to Class Counsel and paid by Defendant to Class Counsel.  All payments that Defendant is required to make with respect to this Agreement shall be from the Funds Available for Settlement.  Defendant shall have no obligation to pay any amounts to Class Members in excess of approved claims for Settlement Awards as calculated in accordance with Paragraph 42 of this Agreement.  No Released Party shall have any further obligation or liability under this Agreement to Representative Plaintiff or to the Class Members.

37.     Before any Settlement Awards are paid to Class Members, payments from the Funds Available for Settlement shall be made for (a) the amount of attorneys' fees and costs awarded to Class Counsel by the Court; and (b) the enhancement payments awarded to Representative Plaintiff as set forth in this Settlement Agreement and approved by the Court.

38.     Subject to Court approval and for purposes of effectuating this Agreement, the following amounts shall be paid from the Funds Available for Settlement:

a.     <u>Representative Plaintiff</u>.  In exchange for the release of all Released Claims, Representative Plaintiff shall be paid an enhancement payment in the amount of One Thousand One Hundred Dollars and Zero Cents ($1,100.00).  This enhancement payment shall be in addition to any Settlement Award the Representative Plaintiff may claim under this Agreement.  Defendants shall issue Representative Plaintiff a Form 1099 for this payment.

b.     <u>Class Counsel</u>.  Class Counsel shall be paid no more than _____ $33,000___ for all attorneys' fees, expenses, and costs.  Defendant agrees not to oppose any application or motion by Class Counsel for attorneys' fees, expenses, and costs up to this amount, and Class Counsel agrees not to petition the Court for any additional payments for fees, costs, expenses, or interest.  The payment approved by the Court pursuant to this subparagraph, whether in the amount sought by Class Counsel or less as determined by the Court, shall constitute full satisfaction of Defendant's and/or any of the Released Parties' obligations to pay amounts to any person, attorney, or law firm for attorneys' fees, expenses, or

costs incurred on behalf of the Representative Plaintiff and/or the Settlement Class, and shall relieve Released Parties from any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses, and/or costs to which any of them may claim to be entitled on behalf of the Representative Plaintiff and/or the Settlement Class.  If the Court approves a lesser amount of fees, expenses, and/or costs than that which is sought by Class Counsel, the Parties may not void this Agreement on that basis.  Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made pursuant to this subparagraph and agrees to indemnify and hold harmless Defendant from any claim or liability for taxes, penalties, or interest for which Class Counsel is responsible as a result of the payment or any allocation of the payment made pursuant to this subparagraph.  Class Counsel further agrees that any allocation of fees, expenses, and/or costs between or among Class Counsel and any other attorney representing Representative Plaintiff and/or the Settlement Class shall be the sole responsibility of Class Counsel; provided, however, that Class Counsel may direct Defendant as to how such allocation of fees, expenses and/or costs between or among Class Counsel has been made, and Defendant shall pay such amounts to Class Counsel in the form of separate checks as directed by Class Counsel.  As appropriate, one or more IRS Form 1099s shall be provided to Class Counsel for the total payment made pursuant to this subparagraph.

39.     Defendant makes no representations as to the tax treatment or legal effect of the payments called for under this Agreement, and Class Members are not relying on any statement or representation by Defendant in this regard.  Class Members will be solely responsible for the payment of any taxes  resulting from their receipt of  the payments described in this Settlement, as well as any penalties imposed on them for failure to report, or pay taxes upon, such payments. Defendant will be responsible for issuing all tax forms and any necessary tax withholding.  The Representative Plaintiff and Class Members agree to cooperate with Defendant and provide such documentation as Defendant may reasonably request should any taxing authority challenge the allocations of payments called for under this Agreement.

40.     CIRCULAR 230 DISCLAIMER.  EACH PARTY TO AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY," AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR SHALL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER OR ITS OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS AGREEMENT.

41.     Once the payments designated in Paragraph 38 of this Agreement have been made or awarded, the balance remaining shall constitute the Net Funds Available for Settlement from which Settlement Awards shall be made to Class Members.   The following are referred to in this

paragraph as Recipients: (i) all Class Members not employed by Defendant as of the date of preliminary approval who submit a timely and completed Claim Form, and (ii) all Class Members employed by Defendant as of the date of  preliminary approval who do not submit a Request for Exclusion.  Recipients shall be paid out of the Net Funds Available for Settlement pursuant to the formula in Paragraphs 42 of this Settlement Agreement.  Any checks reflecting Settlement Awards shall remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Class Member within that time.

42.     Solely for purposes of effectuating this Agreement and in exchange for the release of Settled Claims by the Class Members, each Class Member who is no longer employed by Defendant as of the date of  preliminary approval and who submits a timely and properly completed Claim Form (as set forth in the attached Exhibit C) to Class Counsel, and each Class Member employed by Defendant as of the date of preliminary approval who does not submit a Request for Exclusion, shall be paid a Settlement Award from the Net Funds Available for Settlement.  The Parties will calculate the amount of individual Settlement Awards based on information in their possession showing the ratio of the Class Member's hours worked as a Server at the Jordan Creek Bravo at any time during the Relevant Period to the collective hours worked by all Settlement Class Members as Servers at the Jordan Creek Bravo at any time during the Relevant Period.  Each Class Member's Settlement Award will be calculated multiplying the fraction $x/y$ by the Net Funds Available for Settlement, where "x" equals the total number of hours during the Relevant Period in which the Class Member worked as a Server at the Jordan Creek Bravo, and "y" equals the total number of hours during the Relevant Period in which all members of the Settlement Class worked as Servers at the Jordan Creek Bravo.  The aggregate amount of Settlement Awards to Class Members shall not under any circumstances exceed the Net Funds Available for Settlement.  If the total of all claims made exceed the Net Funds Available for Settlement, each Settlement Award shall be reduced on a pro rata basis.

Each Class Member who receives a Settlement Award shall receive an IRS Form W-2 indicating that one hundred percent (100%) of the payment made pursuant to this paragraph was wages.

43.     Any cy pres resulting from the settlement will be paid to a 501(c)(3) not-for-profit organization to be selected by Defendant.

44.     The Parties shall be responsible, subject to Court approval, for determining eligibility for, and the amount of, the Settlement Awards to be paid to Class Members.  All eligibility and Settlement Award determinations shall be based on personnel and payroll data maintained by Defendant.  In the event any Class Member may disagree as to any determination of eligibility for, or the amount of, the Settlement Awards, and such dispute is not resolved by agreement between Counsel for the Parties within thirty (30) days of notice by such Class Member, said Class Member may petition the Court for redress of such dispute.

45.     In no event shall there be any distribution from the Funds Available for Settlement until after the Effective Date.  Distributions from the Funds Available for Settlement shall be made in accordance with the Implementation Schedule.

46.     No person shall have any claim against Defendant or any of the Released Parties, Representative Plaintiff, the Settlement Class, or counsel for the Parties based on distributions or payments made in accordance with this Agreement.

47.     Defendant shall not be required to enter into any consent decree, nor shall Defendant be required to agree to any provision for injunctive or prospective relief as part of this Agreement.

48.     Defendant, at its sole and independent discretion, shall have the right, but not the obligation, to revoke this Agreement if requests for exclusions from the proposed settlement are validly filed by at least five percent (5%) of the Settlement Class.  If Defendant exercises this option, all of Defendant's obligations under this Agreement shall cease to be of any force or effect; this Agreement and any orders entered in connection with the settlement shall be vacated, rescinded, canceled, and annulled; and the Parties shall return to the status quo as if the Parties

had not entered into this Agreement.  In addition, in such event, the Settlement Agreement and all negotiations, court orders, and proceedings relating thereto shall be without prejudice to the rights of any and all Parties, and all evidence relating to the Agreement and all negotiations shall not be admissible or discoverable in the Civil Action or otherwise.

49.     The Representative Plaintiff and Defendant agree that the Implementation Schedule shall govern implementation of the Settlement Agreement, and that the dates set forth in the Implementation Schedule shall only be continued based on (a) the mutual consent of counsel for the Parties, (b) delays due to the Court's schedule, or (c) by Order of the Court.

## **CLASS NOTICE AND SETTLEMENT FAIRNESS HEARING**

50.     As part of this Agreement, the Parties agree to the following procedures for obtaining the Court's preliminary approval of the Agreement, certifying the Settlement Class, notifying the Settlement Class, obtaining final Court approval of the Agreement and processing the Settlement Awards:

a.     The Representative Plaintiff shall request a hearing date before the Court for preliminary approval of the Settlement Agreement and for an order certifying the Settlement Class for settlement purposes only.  In conjunction with this request, Plaintiff will submit a Motion for Preliminary Approval of the Class Action Settlement and supporting papers, including this Agreement and proposed forms of all notices and other documents as attached hereto necessary to implement the Agreement.

b.     Solely for purposes of this Agreement, the Parties will request the Court to enter a Preliminary Approval Order, substantially in the form attached as Exhibit D, preliminarily approving the proposed settlement, certifying the Settlement Class for settlement purposes only, and setting a date for the Settlement Fairness Hearing.  The Preliminary Approval Order shall provide for notice of the Settlement Agreement and related matters to be sent to the Settlement Class as specified herein.

c.     Objections to the settlement and/or requests for exclusion from the Settlement Class, if any, shall be made using the procedures set forth below.  The Parties believe

and agree that the proposed procedures for Class Notice provide the best practicable notice to the Settlement Class.

i.      Class Counsel shall be responsible for preparing, printing, and mailing to all members of the Settlement Class the Class Notice and Claim Form attached as exhibits to this Settlement Agreement.

ii.      No later than the date specified in the Implementation Schedule, Class Counsel shall send a copy of the Class Notice in the form attached as Exhibit B (including a Claim Form in the form attached as Exhibit C) to all members of the Settlement Class via First Class regular U.S. mail, postage prepaid, using the most current mailing address information available to Defendant as of the date of mailing.  Any Class Notice returned to Class Counsel as undelivered within thirty (30) days before the deadline set forth in the Implementation Schedule for Class Members to mail Claim Forms shall be sent to any forwarding address affixed thereto by Class Counsel within seven (7) days of receipt.  In the event the procedures in this paragraph are followed, Class Counsel shall be deemed to have satisfied its obligation to provide Class Notice to a member of the Settlement Class, and if an intended recipient does not receive the Class Notice, the intended recipient shall nevertheless be bound by all terms of the Agreement and the Order granting final approval of the Settlement Agreement.  The objection and exclusion deadlines shall not be extended for members of the Settlement Class whose original notices are re-sent pursuant to this paragraph.  No Class Member shall have the right to obtain any payment through this Settlement Agreement unless the Class Member submits a Claim Form on or before the deadline set forth in the Implementation Schedule.  The Class Notice shall provide that those members of the Settlement Class who wish to object to the settlement must file with the Court a written statement of objection ("Notice of Objection") at the address indicated on the Class Notice, on or before the date set forth in the Implementation Schedule, which is attached to this Settlement Agreement as Exhibit A, and simultaneously serve on counsel for the Parties copies of that objection at the address also indicated on the Class Notice.  The filing date of any such objection shall be deemed the exclusive means for determining if a Notice of Objection is timely.

The Notice of Objection shall contain all information set forth in Exhibit B as required for said Notice of Objection to be considered by the Court at the Fairness Hearing.

          iii.     The Class Notice shall provide that members of the Settlement Class who wish to exclude themselves from the settlement must submit a written statement requesting exclusion from the class postmarked on or before the date specified in the Implementation Schedule.  Such written request for exclusion must contain the name, address, telephone number, and social security number of the person requesting exclusion.  Members of the Settlement Class are free to consult counsel regarding the exclusion option.  However, the exclusion must be personally signed by the member of the Settlement Class who seeks to exclude himself or herself.  No member of the Settlement Class may exclude himself or herself by a request signed by an actual or purported agent or attorney acting on behalf of the member of the Settlement Class.  No  exclusion request may be made on behalf of a group of members of the Settlement Class.  Each member of the Settlement Class who does not submit an exclusion request in compliance with this paragraph shall be a Class Member.  The exclusion request must be sent by mail to Class Counsel to the address specified in the Class Notice and must be postmarked on or before the date specified in the Implementation Schedule.  Any member of the Settlement Class who requests exclusion from the settlement will not be entitled to any Settlement Award and will not be bound by the Settlement Agreement or have any right to object, appeal, or comment thereon.  Members of the Settlement Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Implementation Schedule shall be bound by all terms of the Agreement and the Order granting final approval of the Settlement Agreement, regardless of whether they otherwise have requested exclusion from the settlement.  No later than fourteen (14) days after the Claims Submission deadline, Class Counsel shall provide Counsel a list that includes, but is not limited to, the following information: (i) the total number of members of the Settlement Class who were sent the Class Notice; (ii) the total number of members of the Settlement Class who filed complete, accurate, and timely requests for exclusion from the Class Action; (iii) the total number of members of the

Settlement Class who objected; and (iv) the total number of members of the Settlement Class who submitted complete, accurate, and timely Claim Forms.

       d.      At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage members of the Settlement Class to (i) submit written objections to the settlement or requests for exclusion from the settlement or (ii) appeal from the Order granting final approval of the Settlement Agreement.

       e.      Upon expiration of the deadline for requesting exclusion from the settlement as set forth in the Implementation Schedule, a Settlement Fairness Hearing shall be conducted to determine final approval of the settlement along with the amounts properly payable for (i) attorneys' fees and costs and (ii) the enhancement payment to the Representative Plaintiff. Upon final approval of the settlement by the Court at or after the Settlement Fairness Hearing, the Parties shall present the Order granting final approval of the Settlement Agreement for its approval and entry substantially in the form attached hereto as Exhibit E. After entry of the Order granting final approval of the Settlmeent Agreement, the Court shall have continuing jurisdiction for purposes of addressing (i) settlement administration matters and (ii) such post final judgment matters as may be appropriate under court rules.

       f.      Class Counsel shall be responsible for receiving and reviewing the Claim Forms submitted by members of the Settlement Class and for determining eligibility for, and amount of, payment. The Claim Form shall include instructions on how to submit the form and shall notify recipients that the form must be completed, signed, and postmarked no later than the date specified in the Implementation Schedule. Claim Forms received by the Class Counsel postmarked after the applicable deadline shall be invalid. Although Class Members who do not submit a complete, valid, and timely Claim Form will not receive a Settlement Award, such persons shall nonetheless be bound by all of the terms of the Settlement Agreement and the Order granting final approval of the Settlement Agreement. Settlement Awards shall be paid pursuant to the settlement formula set forth herein no later than the date specified in the Implementation Schedule. Administration of the settlement shall be completed on or before the

date specified in the Implementation Schedule.  Any checks reflecting Settlement Awards shall remain valid and negotiable for ninety (90) days from the date of their issuance and may thereafter automatically be canceled if not cashed by a Class Member within that time.  Under no circumstances shall the Parties be obligated to reissue a check that was properly issued.

g.      Defendant's own attorneys' fees and legal costs and expenses incurred in the Civil Action shall be borne by Defendant from Defendant's separate funds and not from the Funds Available for Settlement.

h.      If (i) the Court does not enter the Preliminary Approval Order of the proposed settlement following the Motion for Preliminary Approval of the Class Action Settlement; (ii) the Court does not finally approve the proposed settlement; (iii) the Court does not enter the Order granting final approval of the Settlement Agreement; (iv) any appeal contemplated in this Agreement results in an outcome unsatisfactory to Defendant; or (v) the settlement does not become final for any other reason, this Agreement shall be null and void and any order or judgment entered by the Court in furtherance of this settlement shall be treated as void *ab initio*.  In such a case, the Parties shall proceed in all respects as if this Agreement had not been executed.

51.      No later than thirty (30) days after the entry of the Preliminary Approval Order, Defendant shall provide Class Counsel with a class list, including the name, last known address, and percentage for caluating the potential Settlement Award for each member of the Settlement Class.  The Representative Plaintiff and Class Counsel agree that none of the documents provided to them by Defendant shall be used for any purpose other than settlement of this Civil Action.  Furthermore, should Representative Plaintiff or Class Counsel have any original documents of Defendant, Representative Plaintiff and/or Class Counsel agree to promptly return such original documents via Class Counsel.

52.      Neither the terms of this Agreement nor any enhancement payment paid to the Representative Plaintiff nor any Settlement Award paid to Class Members shall have any effect on the eligibility or calculation of employee benefits of the Representative Plaintiff or the

respective Class Members.  The Parties agree that any Settlement Awards paid to Class Members under the terms of this Settlement Agreement do not represent any modification of any Class Member's previously credited hours of service or other eligibility criteria under any employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by Defendant.  Further, the Settlement Awards shall not be considered "compensation" or "annual earnings for benefits" in any year for purposes of determining eligibility for, or benefit accrual within an employee pension benefit plan, employee welfare benefit plan, or other program or policy sponsored by any of the Released Parties.

53.     The Parties agree that if any inquiry is received pertaining to this settlement, the Parties shall only refer the person and/or entity inquiring to the Court file.  Neither the Parties, their counsel, nor members of the Settlement Class shall hold any press conference, issue any press release, or speak to the media regarding the Civil Action or the settlement thereof.

54.     Defendant and the Released Parties deny any and all claims asserted or that could have been asserted on behalf of the Settlement Class and deny all wrongdoing whatsoever.  This Agreement is not a concession or admission, and shall not be used against Defendant or any of the Released Parties as an admission or indication with respect to any claim of any fault, concession, or omission by Defendant or any of the Released Parties.  Whether or not the Agreement is finally approved, neither the Agreement, nor any document, statement, proceeding, or conduct related to this Agreement, nor any reports or accounts thereof, shall in any event be:

a.     Construed as, offered or admitted into evidence as, received as, or deemed to be, evidence of a presumption, concession, indication, or admission by Defendant, or any of the Released Parties, of any liability, fault, wrongdoing, omission, concession, or damage; or

b.     Disclosed or referred to, or offered or received into evidence, in any further proceeding in the Civil Action, except for purposes of settling this Civil Action pursuant to this Agreement or establishing that the settlement herein has occurred.  The limitations set forth in this paragraph do not apply to use and/or disclosure in order for a Party to enforce this Agreement or any of its terms or to establish that such a settlement has occurred.

21

55.     The terms of this Agreement include the terms set forth in the attached exhibits, which are incorporated by this reference as though fully set forth herein.  The exhibits to this Agreement are an integral part of this Agreement.  Unless specifically provided otherwise in the exhibits to this Agreement, in the event of any conflict between the Agreement and the exhibits, the terms of the Agreement shall control.

56.     The Parties agree to hold all proceedings in the Civil Action, except such proceedings as may be necessary to implement and complete the Agreement, in abeyance pending the Settlement Fairness Hearing to be conducted by the Court.

57.     This Agreement may be amended or modified only by a written instrument signed by the Parties, counsel for all Parties, or their successors-in-interest.

58.     This Agreement and any attached exhibits constitute the entire agreement between the Parties, and no oral or written representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

59.     Counsel for the Parties warrant and represent that they are expressly authorized by the Party whom they represent to negotiate this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their respective counsel will cooperate with each other and use their best efforts to effect the implementation of the Agreement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Agreement, or on any supplemental provisions that may become necessary to effectuate the terms of this Agreement, the Parties may seek the assistance of the Court to resolve such disagreement.  The persons signing this Agreement warrant that he/she is authorized to sign this Agreement.

60.     The Representative Plaintiff and each Class Member represents and warrants that he or she has not assigned or otherwise transferred to any person or entity any claim that is subject to this Agreement.

22

61.     This Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties, the Class Members, and the Released Parties, as previously defined.

62.     All terms of this Agreement and the exhibits to the Agreement shall be governed by and interpreted according to the laws of the State of Iowa.

63.     This Agreement may be executed in one or more counterparts and by facsimile. All executed copies of this Agreement, and photocopies thereof (including facsimile copies of the signature pages), shall have the same force and effect and shall be legally binding and enforceable as the original.

64.     The Parties believe that the terms of the settlement as set forth in this Agreement are fair, adequate, and reasonable and have arrived at this Agreement after arm's-length negotiations, taking into account all relevant factors, present and potential.

65.     The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

66.     Each of the Parties has cooperated in the drafting and preparation of this Agreement.  Hence, in any construction or interpretation of this Agreement, the Agreement shall not be construed for or against any of the Parties.

67.     The Representative Plaintiff agrees to sign this Agreement and by signing this Agreement are bound by the terms stated in the Agreement, and further agree not to request to be excluded from the Settlement Class and agree not to object to any of the terms of this Settlement.

Respectfully submitted,

Dated: 5/31/13 , 2013      By: _____
                                Harley C. Erbe
                                Attorney for Plaintiff


Dated: _____ , 2013      By: _____
                                        Steven P. Wandro
                                        Attorney for Plaintiff


Dated: 05/31/2013 , 2013      By: _____
                                   Plaintiff Daniel McNamara


VORYS, SATER, SEYMOUR AND PEASE LLP

Dated: 7-11 , 2013      By: _____
                             Andrew C. Smith
                             Daniel J. Clark
                             Adam J. Rocco
                             Attorneys for Defendant


WHITFIELD & EDDY, P.L.C

Dated: 7/11 , 2013      By: _____
                             J. Campbell Helton
                             Attorney for Defendant


BRAVO BRIO RESTAURANT GROUP, INC.

Dated: 07/09/13 , 2013      By: _____


                            Its: _____


24