IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DANIEL McNAMARA, on behalf of and all others similarly situated, | * * * | NO. 4:12-cv-000256 |
| Plaintiff, | * * | |
| v. | * * | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |
| BRAVO BRIO RESTAURANT GROUP, INC., | * * * | |
| Defendant. | * * | |

Named Plaintiff Daniel McNamara has moved for preliminary approval of a proposed class action settlement. After reviewing the parties' proposed settlement, together with the proposed class action notice, claim form, and other attachments thereto, as well as Named Plaintiff's Motion For Preliminary Approval Of Class Action Settlement and supporting documents, and after hearing arguments of counsel for the parties, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement ("Settlement") memorialized in the settlement agreement ("Agreement) falls within the range of reasonableness and meets the requirements for preliminary approval.

2. Pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for settlement purposes only (and for no other purpose and with no other effect upon the parties on any current or future litigation, including no effect upon the present court action should the settlement not ultimately be approved or should the Effective Date (as defined in the Agreement) not occur), the following class action ("Class"):

1

> All current or former Servers employed by Bravo! Cucina Italiana located at 120 South Jordan Creek Parkway, West Des Moines, Iowa 50266, from May 24, 2009 through the date of the Preliminary Approval Order (or the "Claims Period").

3. This Order, which preliminarily certifies a class action for settlement purposes only, shall not be cited in this action or any other matter for purposes of seeking class action certification or class action notice in this or any other action.

4. The Court preliminarily finds, for settlement purposes only (and for no other purpose and with no other effect upon the parties or any current or future litigation, including no effect upon the present action should the Settlement not ultimately be approved or should the Effective Date (as defined in the Agreement) not occur), that the proposed Class meets the requirements for certification under Fed. R. Civ. P. 23 in the settlement context. First, the Court finds, for settlement purposes only, that the proposed Class is so numerous that joinder of all members of the proposed Class is impracticable, in that the Class consists of approximately 300 members. Fed. R. Civ. P. 23(a)(1). Second, the Court finds, for settlement purposes only, that there are common questions of law and fact that predominate over individual issues. Fed. R. Civ. P. 23(a)(2) and (b)(3). Specifically, Plaintiff alleges, among other things, that Defendant did not pay all Class members the full minimum wage required by Iowa Code Chapter 91D, and Defendants have agreed to resolve these issues on a class-wide basis. Third, the Court finds, for settlement purposes only, that Named Plaintiff's claims are typical of the claims of the proposed Class in that Named Plaintiff and the Class members were allegedly paid less than the minimum wage required by Iowa Code Chapter 91D. Fed. R. Civ. P. 23(a)(3). Fourth, the Court finds, for settlement purposes only, that Named Plaintiff and his attorneys will fairly and adequately protect the interests of the Class, in that Named Plaintiff has no interests that are adverse to the Class, and Named Plaintiff's attorneys are qualified to conduct the litigation on behalf of the

Class. Fed. R. Civ. P. 23(a)(4). Finally, for settlement purposes only, the Court finds that a class action is superior to other available methods for the fair and efficient resolution of this controversy. Fed. R. Civ. P. 23(b)(3). The Court makes these findings in the settlement context and for settlement purposes only, and these findings are without prejudice to Defendant's right to challenge each of the requirements for certification on all applicable grounds if the Settlement is not finally approved.

5. The Court appoints, for settlement purposes only, the Named Plaintiff as Class Representatives for the Class.

6. The Court appoints Erbe Law Firm and Wandro & Associates as Class Counsel for the Class.

7. The Court approves, as to form and content, the proposed class notice and claim form submitted by the parties (collectively the "Settlement Documents"). The Court finds that the procedures for notifying the Class about the Settlement as described in the Agreement and class notice provide the best notice practicable under the circumstances and therefore meet the requirements of due process.

8. The Court adopts the attached Implementation Schedule for further proceedings.

9. With respect to the Settlement Account, the Claims Administrator shall comply with all of the duties and requirements set forth in the Stipulation and applicable federal, state, and local law.

10. The Settlement Account, including all interest or other income generated therein, shall be in *custodia legis* and immune from attachment, execution, assignment, hypothecation, transfer, or similar process by any third party, including any Class Member.

11. Pending the Court's decision on final approval of the Settlement and entry of the Court's Final Approval Order and Judgment, Named Plaintiff and all Class Members and anyone acting on behalf of any Class Member shall be barred and enjoined from: (a) further litigation in this case; (b) filing, or taking any action directly or indirectly, to commence, prosecute, pursue or participate on an individual or class or collective action basis any action, claim or proceeding against Defendant in any forum in which any of the Released Claims (as defined in the Agreement) are asserted, or which in any way would prevent any such claims from being extinguished; or (c) seeking, whether on a conditional basis or not, certification of a class or collective action that involves any such claims.

12. In the event that the Effective Date (as explained in the Agreement) does not occur, the settlement agreement shall be deemed null and void and shall have no effect whatsoever. In such case, nothing in the agreement or this Order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class certification is or may be appropriate.

13. The parties are ordered to carry out the settlement according to the terms of the Agreement.

14. To the extent any prior order of this Court related to this Court action is inconsistent with the activities contemplated by the Agreement, said orders are hereby modified so as to allow the activities contemplated by the Stipulation until such time as the Settlement is finally approved or deemed null and void.

IT IS SO ORDERED.

Dated _September 4_, 2013

                                                                                                  _____
                                                                                                  JOHN A. JARVEY, JUDGE
                                                                                                  UNITED STATES DISTRICT COURT
                                                                                                  SOUTHERN DISTRICT OF IOWA

Approved as to Form

Harley Erbe
Erbe Law Firm
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1460
Facsimile: (515) 281-1474
E-Mail: erbelawfirm@aol.com

Steven P. Wandro, AT0008177
Michael R. Keller, AT0009506
WANDRO & ASSOCIATES
2501 Grand Avenue
Des Moines, Iowa 50312
Telephone: (515) 281-1475
Facsimile: (515) 281-1474
E-Mail: swandro@2501grand.com

ATTORNEYS FOR PLAINTIFF

J. Campbell Helton, Esq.
WHITFIELD & EDDY, P.L.C.
317 Sixth Ave., Ste. 1200
Des Moines, IA 50309

Daniel J. Clark, Esq.
Adam J. Rocco, Esq.
Andrew C. Smith, Esq.
VORYS, SATER, SEYMOUR & PEASE, L.L.P.
52 E. Gay St.
Columbus, OH 43215

ATTORNEYS FOR DEFENDANT