IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| DANIEL McNAMARA, on behalf of and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BRAVO BRIO RESTAURANT GROUP, INC., <br><br> Defendant. | * * * * * * * * * * * * | NO. 4:12-cv-000256 <br><br> ORDER ON PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEY FEES AND PLAINTIFF'S INCENTIVE PAYMENT |

Before the Court is Plaintiff's Motion For Final Approval Of Class Action Settlement, (Clerk's No. 31), and Plaintiff's Application For Attorney Fees And Plaintiff's Incentive Payment, (Clerk's No. 32). The Court held a fairness hearing on December 18, 2013. (Clerk's No. 33.) The matters are fully submitted. The Court enters the following findings, conclusions, and orders based upon a review of all of the materials submitted by the parties in support of preliminary certification and approval, final certification and approval, attorney fees, and the plaintiff's incentive payment.

## I. FACTUAL AND PROCEDURAL BACKGROUND.

Named Plaintiff and the Class worked for Defendant as tipped servers between March 24, 2009 and the present. Plaintiffs allege that Defendant violated the Iowa Minimum Wage Act (Iowa Code Chapter 91D) and the Iowa Wage Payment Collection Law (Iowa Code Chapter 91A) by failing to pay Plaintiffs regular minimum wages ($7.25/hour) for untipped labor. Defendant denies Plaintiffs' allegations and maintains that, at all times, it paid Plaintiffs in accordance with applicable law and otherwise complied with applicable law.

On May 24, 2012, Named Plaintiff filed a Petition at Law against Defendant alleging, among other things, that Defendant required its tipped employees (servers) at all restaurant locations nationwide to engage in untipped labor without paying the servers the regular minimum wage ($7.25/hour) for untipped labor mandated by the Fair Labor Standards Act's minimum wage provisions and Iowa's minimum wage law, Iowa Code Chapter 91D. Instead, Named Plaintiff claimed, Defendant paid its tipped workers (servers) the tipped minimum wage ($4.35/hour under Iowa law) for all work performed, regardless of whether the work was tipped or untipped labor. Named Plaintiff contended that Defendant's failure to pay its tipped servers regular minimum wage ($7.25/hour) for untipped labor violated state and federal minimum wage laws.

Named Plaintiff sought a recovery on behalf of a nationwide class of Defendant's tipped servers that would include backpay consisting of the difference between the tipped minimum wage Defendant actually paid the servers for untipped labor and the regular, untipped minimum wage that Defendant should have paid its servers for untipped labor. Under Iowa minimum wage law, that is a difference of $2.90 per hour. Defendant denies any liability or wrongdoing of any kind whatsoever associated with the claims asserted in Named Plaintiff's Petition.

Named Plaintiff initially also included a minimum wage claim under the Fair Labor Standards Act. Evidence obtained during discovery, however, indicated Defendant's alleged violations may not be as widespread as counsel had believed and that the potential class may be confined solely to the restaurant Named Plaintiff worked at in West Des Moines. This evidence led to the determination that the FLSA claim was redundant because the same remedies could be pursued under Iowa Code Chapters 91A and 91D. The parties have thus sought dismissal of

Named Plaintiff's FLSA claim, which has never been conditionally certified or otherwise addressed by the Court.

In light of the discovery conducted to date, the time and expense associated with the future discovery, as well as challenges and risks associated with a trial of this matter, the parties elected to engage in settlement discussions from January 28, 2013 to early April 2013. Counsel for the parties engaged in good faith, arms-length negotiations. In April 2013, the Parties reached the settlement set forth in the settlement agreement attached to Plaintiff's Motion For Preliminary Approval Of Class Action Settlement. (Clerk No. 26.)

The Court preliminarily approved the class settlement on September 5, 2013. Class notices were mailed on September 23, 2013 to the 232 potential class members. Forty-two class mailings were initially returned to Class Counsel as undeliverable. Using a LexisNexis Accurint search, the parties found updated addresses for all 42 potential class members and notices were re-sent to those individuals.

No class members opted out of or objected to the proposed settlement. A total of 109 current and former employees of Defendant will be paid as part of the settlement. Of the 232 class notices Named Plaintiff's counsel mailed, only six were returned as undeliverable.

The settlement obligates Defendant to pay a total of $99,000, including attorney fees and Plaintiff's incentive payment. In determining this matter's settlement allocation, the parties considered the exact number of hours worked by each potential Class Member. Each Class Member will receive a settlement based upon a ratio that includes hours worked. The settlement amount of $99,000 is equivalent to multiplying the $2.90 wage differential between the regular minimum wage and the tipped minimum wage by just over 20% of all hours worked by all potential Class Members at Defendant's Jordan Creek Bravo! Cucina Italiana restaurant from

May 24, 2009, through May 31, 2013, the date the settlement agreement was signed. Each Class Member will accordingly receive a settlement based upon a ratio that is specifically derived from the hours they actually worked, but without having to attempt to resurrect from their memories their work patterns on the issue of tipped versus untipped labor over the last two years.

Additionally, the proposed apportionment of the settlement provides for an attorney's fees of one-third of the gross amount of the common settlement fund, or a total of $33,000 for attorney's fees. Class Counsel do not seek any costs or expenses from the settlement fund. Defendant has agreed to contribute an additional $5,000, over the $99,000 gross settlement payment, to offset Class Counsel's administration costs. The proposed apportionment of the settlement also provides for the payment of an additional amount to the Named Plaintiff in the amount of $1,100.

## II. ORDER

For the reasons stated herein, Plaintiff's Motion For Final Approval Of Class Action Settlement, (Clerk's No. 31), and Plaintiff's Application For Attorney Fees And Plaintiff's Incentive Payment, (Clerk's No. 32), are granted. Specifically, the Court ORDERS and DECREES as follows:

1) The Court grants final approval of the Settlement, and finds the terms of the Settlement to be fair, reasonable and adequate under Rule 23(e) of the Federal Rules of Civil Procedure, including the amount of the settlement fund; the amount of distributions to class members; the procedure for giving notice to class members; the procedure for objecting to or opting out of the Settlement; the procedure for submitting claims; and the maximum amounts allocated to an incentive payment, costs and attorney's fees.

2) The Court certifies for settlement purposes the Settlement Class described in the Settlement, comprised of all persons employed by Defendant at its Bravo! Cucina Italiana restaurant located at 120 South Jordan Creek Pkwy, West Des Moines, IA 50266 during the period from May 24, 2009 through September 5, 2013.

3) The Court finds that class members were provided proper and adequate notice of their rights in a manner that satisfies the requirements of due process.

4) The request for attorneys' fees in the amount of $33,000 is approved; the request for an incentive payment of $1,100.00 to Named Plaintiff is approved;

5) Settlement Class members are hereby permanently enjoined from filing, joining, or prosecuting any claims, suits or administrative proceedings regarding claims released by the Settlement;

6) The Court orders payment from the settlement fund of settlement benefits to class members entitled to receive settlement benefits in accordance with the Settlement;

7) The Court directs that this order shall constitute and be entered as a final judgment dismissing the action with prejudice; and

8) The parties and counsel remain bound by the terms of the settlement agreement, including, without limitation, any provisions regarding confidentiality and Defendant's obligation to contribute $5,000 towards the costs of administering the settlement. The Court retains jurisdiction to enforce the settlement agreement's terms.

DATED this 31st day of December, 2013.

_____
JOHN A. JARVEY
United States District Judge

5